# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. QUINONES MADERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　Defendant. | Case No. 1:19-cv-01798-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES<br><br>(ECF Nos. 1, 4)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Cesar A. Quinones Madera ("Plaintiff"), proceeding *pro se*, filed this action against the United States Department of State due to the failure to return his birth certificate after he applied for a passport. Along with his complaint, Plaintiff filed an application to proceed in this action without prepayment of fees. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

1

such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. The court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

///

///

///

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On November 20, 2018, Plaintiff filed for a new passport at the Lamont Postal Service. (Compl. 7,[1] ECF No. 1.) On December 3, 2018, Plaintiff received a letter denying his application for a passport because his birth certificate did not comply with the laws of Puerto Rico. (Id.) The letter provided that Plaintiff could submit a correct birth certificate within 90 days. (Id.) Plaintiff immediately requested a correct birth certificate but did not receive it until March 1, 2019. (Id.)

On March 11, 2019, Plaintiff contacted the State Department and was informed that he could still mail in his new birth certificate even though the ninety-day deadline had passed. (Id.) Plaintiff was concerned so he mailed the birth certificate by certified mail. (Id.) The birth certificate was received on March 19, 2019. (Id.)

Plaintiff did not receive his passport nor was his birth certificate returned to him. (Id.) He has mailed several requests to have his birth certificate returned to him and has received correspondence that his passport has been denied. (Id.) On November 26, 2019, Plaintiff travelled to Tucson, Arizona to request a copy of all his documentation. (Id.) He was informed that they had no record of his documents. (Id.) When he returned home, he contacted the Department of State in Virginia and was told that Tucson did have his documents under a different number that is still in process. (Id.) Plaintiff requested that his passport request be cancelled and he was informed that a cancellation is in process. (Id.)

Plaintiff brings this action seeking the return of his documents and the $810.00 that he spent in attempting to obtain his passport.

///

///

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

**III.**

**DISCUSSION**

Plaintiff brings this action against the United States Department of State. Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Meyer, 510 U.S. at 475 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.' " Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).) Plaintiff does not set forth the basis for his claims in this matter, so the Court considers whether Plaintiff can proceed against the United States based on the allegations in the complaint.[2]

**A.    Administrative Procedure Act**

Under the Administrative Procedure Act ("APA"), "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. The passport regulations provide that the "Department will send notice in writing to any person whose application for issuance of a passport or Consular Report of Birth Abroad has been denied" setting "forth the specific reasons for the denial. . . and, if applicable, the procedures for review available. . . ." 22 C.F.R. § 51.65(a). A person who has had a passport denied may request a hearing to review the basis of the denial if a written request is submitted within sixty

---

[2] The Court notes that decisions to revoke or deny a passport are also considered under 8 U.S.C. § 1503 which provides that any person within the United States who "claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States," may bring an action "against the head of such department or independent agency for a judgment declaring him to be a national of the United States. . . ." 8 U.S.C. § 1503(a). However, this action does not allege facts to implicate the protections of section 1503. Although Plaintiff's initial application was denied, it was due to Plaintiff not submitting a corrected birth certificate, not because he was found not to be a national of the United States. See Saleh v. Pompeo, 393 F.Supp.3d 172, 180 (E.D.N.Y. 2019) (a denial based upon failure to produce sufficient evidence proving citizenship is not a denial based on a finding of non-citizenship which is required to bring an action under section 1503).

days of the receipt of the denial. 22 C.F.R. § 51.70(a).

> After reviewing the record of the hearing and the preliminary findings of fact and recommendations of the hearing officer, and considering legal and policy considerations he or she deems relevant, the Deputy Assistant Secretary for Passport Services, or his or her designee, will decide whether to uphold the denial or revocation of the passport or cancellation of the Consular Report of Birth Abroad. The Department will promptly notify the person requesting the hearing of the decision in writing. If the decision is to uphold the denial, revocation, or cancellation, the notice will contain the reason(s) for the decision. The decision is final and is not subject to further administrative review.

22 C.F.R. § 51.74.

"Only final agency decisions are subject to review under the APA." Pac. Coast Fed'n of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv., 265 F.3d 1028, 1033 (9th Cir. 2001). Here, it is clear from Plaintiff's complaint that there has been no final determination of his passport application. Two conditions must be met for an administrative action to be considered final under the APA: "(1) the action should mark the consummation of the agency's decision making process; and (2) the action should be one by which rights or obligations have been determined or from which legal consequences flow." Ecology Ctr., Inc. v. U.S. Forest Serv., 192 F.3d 922, 925 (9th Cir. 1999). Although Plaintiff's application was initially denied due to his birth certificate not comporting with Puerto Rican law, this was not a final decision. Rivera v. Albright, 76 F.Supp.2d 862, 864 (N.D. Ill. 1999) (a denial due to a request for documents that are not produced is not a final administrative decision). Plaintiff submitted a new birth certificate and his passport application was under review. Plaintiff cancelled his application because he wanted to receive his birth certificate back. Since there has been no final decision on Plaintiff's passport application, Plaintiff cannot bring this action seeking review under the APA.

**B.    Mandamus Act**

Plaintiff seeks an order requiring the Department of State to return his documents submitted in support of his passport application. The Mandamus Act provides that district courts have original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's

duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003 (quoting Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998)). Even if all the elements of the mandamus test are satisfied, the trial court retains discretion in whether to order mandamus relief. Indep. Min. Co. v. Babbitt, 105 F.3d 502, 505 (9th Cir. 1997).

A writ of mandamus is intended to provide a plaintiff a remedy only where he has exhausted all other avenues of relief and only where the defendant owes the plaintiff a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984). Here, Plaintiff is seeking an order to have the Department of State return his birth certificate to him. In this instance, Plaintiff cannot satisfy the requirements to obtain the extraordinary remedy of mandamus in this action. .

The regulations provide that the person applying for a passport must submit evidence of birth or naturalization in the United States. 22 C.F.R. §§ 51.42, 51.43, 51.44, 51.45. However, the regulations also provide that while generally the evidence submitted in connection with the passport application will be returned to the applicant, "[t]he Department may [ ] retain evidence when it deems it necessary for anti-fraud or law enforcement or other similar purposes." 22 C.F.R. § 51.46. Therefore, there is no mandatory non-discretionary duty and the officer retains the discretion on whether or not to return the documents to the applicant.

Further, in the letter addressing Plaintiff's inquiry about non-receipt of his birth certificate, Plaintiff was advised that his birth certificate had been returned and he was provided with information on how to request a refund for the cost of replacing his birth certificate. (ECF No. 1 at 20.) Plaintiff is able to receive a refund for the cost of obtaining his birth certificate by submitting a written request to the customer service department and enclosing his receipt from the office of vital statistics that issued the replacement certificate. (Id.) Plaintiff has another remedy if his birth certificate is not returned.

Applying the governing principles of law, the Court concludes that Defendant does not owe Plaintiff a clear nondiscretionary duty to return the documents submitted in support of his passport application and an adequate remedy for the failure to return his birth certificate.

1  Plaintiff cannot secure mandamus relief in this action.

## III.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff filed an application to proceed in this action without prepayment of fees in this action. (ECF No. 4.) "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

In this instance, the Court finds that it would be futile to provide Plaintiff with leave to file an amended complaint. Plaintiff brings this action against the United States Department of State seeking monetary damages and return of documents submitted in support of his passport application. However, for the reasons discussed above, Plaintiff has not alleged facts to confer jurisdiction on this court nor is he entitled to receive the relief requested. Accordingly, the Court finds that this action should be dismissed without leave to amend, and Plaintiff's application to proceed without prepayment of fees should be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The complaint in this action be DISMISSED without leave to amend; and
2. Plaintiff's application to proceed without prepayment of fees be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen

(14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 21, 2020**

UNITED STATES MAGISTRATE JUDGE